S. K. MAHU and NAWAHINE (w), Administrators of the Estate of D. K. Mahu *vs.* DAVID DAYTON, Administrator of the Estate of Kainapau.

EXCEPTIONS.

HEARING, JUNE 17, 1890.  DECISION, JUNE 25, 1890.

JUDD, C. J., McCULLY, BICKERTON, DOLE, JJ.

An administrator was sued on a promissory note of his intestate. He testified for the plaintiff that the claim had been duly presented to him within the six months required by statute, and that after he had rejected the claim suit was commenced within two months from such rejection,

Held, that a motion for non-suit by defendant, administrator, on the ground that he, the administrator, had not complied with the law requiring publication of notice to creditors, was properly denied. It will not lie in the administrator's mouth to say that he had neglected his duty.

OPINION OF THE COURT, BY JUDD, C.J.

The plaintiffs, as administrator and administratrix of Mahu, deceased, sue David Dayton, administrator of Kainapau, deceased, on a promissory note of said Kainapau.

The defendant was put on the witness stand by the plaintiffs, and testified that "the claim was duly presented to him within the six months, and that, after he had rejected the claim, suit was commenced within two months from such rejection."

At the close of the plaintiff's case the defendant moved for non-suit on the ground that the plaintiffs had not complied with the law, in that they had not shown any publication of notice to creditors by defendant. The Court overruled the motion, to which exception was taken, and, after evidence by the defense, the jury found a verdict in favor of the plaintiff.

By the Court.

We think that the non-suit was properly refused. The statute referred to, being the "Act to limit the time within which claims of creditors against the estates of deceased persons shall be presented and suits be commenced to enforce rejected claims," was enacted in order to facilitate the settlement of estates and to protect administrators.

We regard the testimony of Mr. Dayton, the administrator, as plenary evidence that he was the administrator, and that the claim was presented to him within six months after his publication of notice to creditors; and if the administrator had not called upon creditors by advertisement, his fiduciary capacity being proved, it would not lie in his mouth to say that he had neglected his duty and had not complied with the requirements of the statute requiring publication. The publication of the notice to creditors is not a condition precedent by plaintiffs against the defendant.

The exceptions are overruled.

*J. A. Magoon*, for plaintiffs.

*A. Rosa*, for defendant.